# Exhibit B

STATE OF INDIANA       )        VANDERBURG CIRCUIT/SUPERIOR COURT
                     ) SS:
COUNTY OF VANDERBURG  )        CAUSE NO.   **82D05-2004-CT-001677**

|  |  |
|---|---|
| Nicholas Gladish | ) |
| *Plaintiff*, | ) |
|  | ) |
| v. | ) |
|  | ) |
| The City of Evansville, | ) |
| Drew Murray | ) |
| *Defendants.* | ) |

## Complaint for Damages

Plaintiff Nicholas Gladish ("Nicholas"), by counsel, files his Complaint for Damages, and in support hereof, states as follows:

### Facts Common to All Counts

1.     Nicholas is a resident of Vanderburg County, Indiana.

2.     Defendant City of Evansville is a municipal corporation and political subdivision of the State of Indiana, organized and existing under the laws of the State of Indiana.

3.     Defendant Drew Murray ("Murray") was, at all relevant times, and acting under color of state law, an officer with the Evansville Police Department.

4.     On or about July 9, 2019, police officers employed by the City of Evansville, including Murray, arrived at Nicholas' home at 1808 Shelby Street in Vanderburg County, Indiana (the "House") regarding an alleged altercation earlier in the day between Nicholas and an individual named Danny Ward.

5.     Danny Ward was later convicted of false informing.

6.     Evansville Police Officers pounded on Nicholas' door and demanded that he and his step-father, Jack Roll, come outside.

7.     Eventually, Mr. Roll opened the door and was immediately apprehended by Evansville police officers.

8.     Officers and a police K-9 entered Nicholas's house, without invitation or a warrant.

9.     Hearing the officers enter, Nicholas entered the living room of his house and surrendered.

10.    Nevertheless, Murray released the K-9 to attack Nicholas, shouting commands in German or Dutch, causing Nicholas to suffer serious and permanent bodily injuries and disfigurement.

11.    Nicholas was taken to the hospital, retuned home, and was never charged with a crime.

**Count 1: 42 U.S.C. § 1983 Claim for Illegal Seizure and Excessive Force**

19**.**    Nicholas incorporates the preceding paragraphs as though fully set forth below.

20.    Murray, acting under color of state law, did subject Nicholas to a deprivation of his rights and privileges and immunities as secured by the laws and Constitution of the United States of America in violation of 42 U.S.C. 1983 by illegally and unconstitutionally seizing him in his home without probable cause, a warrant or exigent circumstances and by illegally and unconstitutionally using unnecessary, unreasonable, and excessive force against him.

21.    Murray's conduct resulted in the deprivation of Nicholas's right to be secure in his person from unreasonable search and seizures, guaranteed to him by the Constitution of the United States, and his right not to be deprived of his life, liberty or property without due process of law and to be accorded the equal protection of laws, as guaranteed under the 14th Amendment of the Constitution of the United States

22.    Murray, acting individually and under the color of state law, unlawfully and

affirmatively acted to subject Nicholas to physical injury that he would not have otherwise faced by entering his home unlawfully and seizing him.

23.     As a direct and proximate result of the unlawful conduct of Murray, Nicholas suffered permanent and serious physical injuries, suffered severe physical pain and emotional distress, has been permanently disfigured, and will continue to suffer these damages in the future.

25.     Nicholas is entitled to attorney fees under 42 U.S.C. § 1988.

<b>Count 2: 42 U.S.C. § 1983 <i>Monell</i> Liability</b>

26.     Nicholas incorporates the preceding paragraphs as though fully set forth below.

27.     The City of Evansville had (and has) an unconstitutional policy and custom of subjecting those in their officers' care and custody to excessive force.

28.     The City of Evansville had (and has) an unconstitutional policy and custom of inadequately training its officers.

29.     The City of Evansville had (and has) an unconstitutional policy and custom of hiring inappropriate and unqualified candidates to be officers for the City of Evansville.

30.     The City of Evansville had (and has) an unconstitutional policy and custom of failing to supervise and discipline officers working for the City of Evansville who have committed constitutional violations.

31.     The decisions underlying these aforementioned unconstitutional policies and custom were made with deliberate indifference.

32.     As a direct and proximate result of these aforementioned policies and customs, Nicholas has suffered injury and damages.

33.     Nicholas is entitled to attorney fees under 42 U.S.C. § 1988.

WHEREFORE, Nicholas respectfully requests a judgment against Defendants in an amount that will fully and fairly compensate him for his damages, punitive damages, for prejudgment interest, the cost of this action, including attorney fees, and for all other relief just and appropriate in the premises.

Respectfully submitted,

/s/ Robert D. King, Jr.
Robert D. King, Jr. (#20963-49)
ROB KING & ASSOCIATES, TRIAL LAWYERS
22 E. Washington St., Suite 310
Indianapolis, IN 46204
Phone: (317) 916-0000
Fax: (317) 955-1844
Email: rking@robertkinglaw.com

4